IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Kelvin Washington,<br><br>Plaintiff;<br><br>vs.<br><br>Richland County Recreation Commission,<br><br>Defendant. | C/A No. 3:26-cv-01722-SAL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This is a civil action filed by a *pro se* plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

**PROCEDURAL HISTORY**

The plaintiff's complaint was entered on the docket on April 27, 2026 (doc. 1). By order dated May 27, 2026, the plaintiff was given an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (doc. 5). The plaintiff was warned that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The plaintiff was also advised to keep the court informed as to his current address (*id*. at 2). The plaintiff did not respond to the order.

By order dated June 26, 2026, the plaintiff was given a second opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (doc. 7). The plaintiff was warned for a second time that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The plaintiff was also advised to keep the court

informed as to his current address (*id*. at 2). The plaintiff did not respond to the second proper form order.

## ALLEGATIONS

This is a civil action filed by the plaintiff, proceeding *pro se*, seeking damages from the defendant for employment discrimination (doc. 1). The plaintiff alleges that he was a development coordinator for the defendant (*id*. at 1). He contends that he raised concerns about operational and organizational issues and that afterwards the defendant began retaliating against him by increasing scrutiny, micromanagement, and negative treatment (*id*.). In May 2025, the plaintiff was demoted and was provided inconsistent reasons for the demotion (*id*.). The plaintiff believes the reasons proffered were pretext for discrimination (*id*.). At an unemployment hearing, the plaintiff was found to be entitled to benefits (*id*.). The defendant's actions caused the plaintiff financial harm and emotional distress (*id*.).

The plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and received notice of right to sue in January 2026 (*id*.). The plaintiff alleges that he was retaliated against by the defendant because he was demoted after raising concerns regarding workplace practices (*id*. at 2). For relief, the plaintiff seeks money damages (*id*.).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). As noted above, the plaintiff filed this

action seeking damages and injunctive relief from the defendant (*see* doc. 13). However, the instant matter is subject to dismissal.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). “The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an ‘inherent power,’ governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.” *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, the plaintiff has failed to bring his case into proper form (*see* docs. 5; 7). The proper form orders warned the plaintiff of the consequences of failing to comply with instructions to bring his case into proper form, including the dismissal of the case pursuant to Fed. R. Civ. P. 41(b) (docs. 5 at 1; 7 at 1). Additionally, despite being provided instructions on how to complete a proposed summons and a Form USM 285 for the defendant to allow the United States Marshals Service to effectuate service on the

defendant (if authorized), the plaintiff ignored those instructions and has not submitted properly completed service documents for the defendant. The plaintiff has also not provided paperwork regarding payment of the filing fee – by filing a motion for leave to proceed *in forma pauperis* or paying the filing fee in this action. The plaintiff was also instructed in the orders to keep his address updated with the court (*see* docs. 5 at 2; 7 at 2). As such, despite a warning that his case may be dismissed for failing to comply with a court order, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's orders and has been previously warned that such failure could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed for failure to comply with an order of the court.

## RECOMMENDATION

As noted above, the plaintiff has failed to bring his case into proper form. Therefore, the undersigned recommends that the district judge dismiss this action without prejudice, without further leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

July 27, 2026
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).